UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **EMILIA SALGADO**, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. V-10-82** |
| | § | |
| **GREAT DANE TRAILERS**, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Great Dane Trailers' ("Great Dane") Motion for Summary Judgment (Dkt No. 11). Great Dane's motion is ripe for ruling and deemed unopposed because the submission date has passed and Plaintiffs Emilia Salgado, as representative of the estate of Mateo Salgado and as next friend of minor Mateo Salgado, Jr., and Yanely Altagracia Grullon, as representative of the estate of Augusto Stalin Vargas and as next friend of minors Augusto Stalin Vargas Grullon and Fernando Augusto Vargus Grullon, (collectively "Plaintiffs") have not filed a response.[1] After careful consideration of the motion, arguments, record, and applicable law, the Court is of the opinion that Great Dane's Motion for Summary Judgment should be **GRANTED**.

### I. Factual and Procedural Background

According to Plaintiffs' Complaint, on or about May 14, 2003, Tyrone Williams was transporting over 100 individuals across the State of Texas in a fully insulated and refrigerated trailer, which was owned by Defendant Salem Truck Leasing, Inc. ("Salem Truck") and

---

1. *See* S.D. TEX. LOCAL RULES 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling 21 days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no opposition). The deadline for Plaintiffs' response was May 31, 2011. To date, Plaintiffs have not responded to Great Dane's Motion for Summary Judgment.

manufactured by Defendant Great Dane. (Pl. Compl., Dkt. No. 1 ¶¶ 15, 18.) Plaintiffs' decedents were among those traveling inside the trailer. (*Id.* ¶ 18.) After Plaintiffs' decedents became trapped inside the trailer, in high temperatures with no ventilation or means of escape, they suffered asphyxia and hyperthermia, which ultimately lead to their deaths. (*Id.* ¶¶ 18 & 58.)

Plaintiffs filed the instant action on October 22, 2010. Count 1 alleges that Great Dane breached its express and/or implied warranties that the trailer was free from design and manufacturing defects. (*Id.* ¶¶ 24 & 25.) Count 2 alleges that Great Dane is strictly liable for decedents' deaths because the trailer contained design and/or manufacturing defects and Great Dane failed to provide adequate warnings. (*Id.* ¶¶ 32 & 33.) Count 3 alleges that Great Dane was negligent and/or reckless in the design, manufacture, and marketing of the trailer. (Pl. Compl. ¶¶ 36—39.) Count 5 alleges that Plaintiffs' decedents were in the care, custody, and control of Great Dane while passengers in the trailer, and as a proximate result of Great Dane's negligence, they suffered severe injuries that ultimately lead to their deaths. (*Id.* ¶¶ 54 & 58.)[2]

Great Dane admits that it manufactured the trailer involved in this action—a 1993 Model No. 7811TZ-1W* SuperSeal, controlled-temperature van semi trailer bearing the vehicle identification number (VIN) 1GRAA9627PW002212 ("the trailer"). (Carter Aff., Dkt. No. 11, Ex. 1 ¶ 3.) However, because the trailer was manufactured and sold more than 15 years before Plaintiffs filed this action, Great Dane moves for summary judgment on the grounds that Plaintiffs' claims are barred by the Texas products liability statute of repose, TEX. CIV. PRAC. & REM CODE § 16.012.

---

2. Count 4 alleges that Salem Truck negligently entrusted the tractor-trailer to Tyrone Williams, and Salem Truck is also named in Counts 3 and 5. Salem Truck has not moved for summary judgment in this case.

## II. Legal Standards

### A. Summary Judgment

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Christopher Village, LP v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). To prevent summary judgment, the non-movant must "respond by setting forth specific facts" that indicate a genuine issue of material fact. *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the non-movant. *See Samuel v. Holmes*, 138 F.3d 173, 176 (5th Cir. 1998); *Texas v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995). "The court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). However, the non-movant cannot avoid summary judgment by presenting only "conclusory allegations" or "unsubstantiated assertions," such as the bare allegations of a complaint, but must present sufficient evidence, such as sworn

testimony in a deposition or affidavit, to create a genuine issue of material fact as to the claim asserted. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). "Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'the better course would be to proceed to a full trial.'" *Freeman v. U.S.*, 2005 WL 3132185, *2 (S.D. Tex. Nov. 22, 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

### B. Statute of Repose

The Texas statute of repose mandates that products liability actions must be filed against the manufacturer or seller within fifteen years of the sale of the product. TEX. CIV. PRAC. & REM CODE § 16.012(b). "A 'statute of repose' . . . does not run from the time a cause of action arises, but from some other date or event selected by the legislature." *Nelson v. Krusen*, 678 S.W.2d 918, 926 (Tex. 1984). Thus, "unlike statutes of limitations, a statute of repose is not subject to judicially crafted rules of tolling or deferral." *Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Rankin*, 307 S.W.3d 283, 286 (Tex. 2010); *see also Burlington N. & Santa Fe Ry. Co. v. Skinner Tank Co.,* 419 F.3d 355, 363–64 (5th Cir. 2005) (refusing to toll Texas statute of repose); *Dalfrey v. Boss Hoss Cycles, Inc.*, 2011 WL 4931166, *2 n.2 (5th Cir. Oct. 18, 2011) (same).

A statute of repose provides an absolute affirmative defense, and the defendant bears the burden of proving all factual requisites to the statute's application. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996) (holding that defendant bore burden of establishing right to summary judgment on basis of statute of repose defense); *Nexen Inc. v. Gulf Interstate Eng'g Co.*, 224 S.W.3d 412, 416 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (statute of repose operates as affirmative defense on which defendant bears burden of proof).

4

**III. Discussion**

As noted *supra*, Plaintiffs did not respond to Great Dane's Motion for Summary Judgment, and the motion is therefore deemed unopposed. However, unopposed motions for summary judgment that dispose of litigation may not be automatically granted. *John v. Louisiana Bd. of Trs. for State Colls. & Univs.*, 757 F.2d 698, 707—10 (5th Cir. 1985). The Court will thus address the merits of Great Dane's motion.

Great Dane has offered evidence that Jim Hawk Truck Trailer Sales, Inc. ("Jim Hawk") ordered the trailer from Great Dane in March 1992. (Dkt. No. 11, Ex. 1B.) The title of the trailer was transferred from Great Dane to Jim Hawk on July 15, 1992. (Carter Aff., Dkt. No. 11, Ex. 1 ¶ 7; Dkt. No. 11, Ex. 1C.) After the trailer was delivered to Jim Hawk in July of 1992, it did not come back into Great Dane's possession at any time. (Carter Aff. ¶ 8.) Based on this evidence, Plaintiffs were required to bring their claims against Great Dane on July 15, 2007 at the very latest. However, Plaintiffs did not file this action until October 22, 2010, more than 18 years after the date of sale.

Plaintiffs do not argue that the statute of repose should be tolled in this instance,[3] nor do they allege that their claims fall within either of two exceptions to the statute.[4] Thus, the Court

---

[3]. Even if Plaintiffs had argued that the statute should be tolled (for example, because their decedents were minors), as explained in Part II.B, *supra*, Texas statutes of repose are not subject to tolling. *Rankin*, 307 S.W.3d at 286.

[4]. Even if Plaintiffs had argued us such, the Court finds their neither exception to the statute of repose applies. Under § 16.012(c), "If a manufacturer or seller expressly warrants in writing that the product has a useful safe life of longer than 15 years, a claimant must commence a products liability action . . . before the end of the number of years warranted after the date of the sale of the product by that seller." TEX. CIV. PRAC. & REM CODE § 16.012(c). Here, the warranty provided to Jim Hawk was for a period of 5 years. (Dkt. No. 11, Ex. 1A; Carter Aff. ¶ 5.) Under § 16.012(d), also known as the latent disease exception, the statute of repose does not apply where "the claimant was exposed to the product that is the subject of the action before the end of 15 years after the date the product was first sold," but the claimant's symptoms "did not, before the end of 15 years after the date of the first sale of the product by the defendant, manifest themselves to a degree and for a duration that would put a reasonable person on notice that the person suffered some injury." TEX. CIV. PRAC. & REM CODE § 16.012(d). Here, Plaintiffs' claim that their decedents died of asphyxiation and hyperthermia (Pl. Compl. ¶ 58), and not some latent disease.

finds that Plaintiffs' claims against Great Dane are barred under the Texas products liability statute of repose, TEX. CIV. PRAC. & REM CODE § 16.012(b).

## IV. Conclusion

For the reasons set forth above, Great Dane's Motion for Summary Judgment (Dkt. No. 11) is **GRANTED**, and Plaintiffs' claims against Great Dane are hereby **DISMISSED** with prejudice.

It is so **ORDERED**.

**SIGNED** this 6th day of February, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE